**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 2741 BROTHERS DELI GROCERY INC. and ABDULKAFI M. AL MUNTASER, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, <br><br> Defendant. | No. 22-cv-9317-PKC |

**PROTECTIVE ORDER**

The parties have conferred and submitted this jointly proposed stipulation and protective order ("Protective Order") to the Court, which the Court hereby enters.

1. This Protective Order is issued in accordance with the Privacy Act, 5 U.S.C. § 552a(b), the Food and Nutrition Act of 2008, 7 U.S.C. § 2020(e)(8), and the federal regulations promulgated thereunder, 7 C.F.R. § 272.1(c) (collectively "the Acts").

2. This Protective Order applies to private information regarding electronic benefits transfer ("EBT") card recipients and competitor store information, covered by the Acts, including but not limited to names, addresses, Food and Nutrition Service ("FNS") numbers, EBT card numbers, household numbers, and other confidential, proprietary, personal, or similar information ("protected information"), contained in the certified administrative record in this case.

3. Pursuant to this Protective Order, Defendants (and their contractors, agents, and employees) are hereby authorized to disclose to counsel for Plaintiff the protected information contained in the certified administrative record for purposes of the litigation of this action.

4. Pursuant to this Protective Order, the parties are hereby ORDERED:

   a. Not to release the protected information to the public or to anyone not directly involved in the litigation of this action; and

   b. To use the protected information only for the purpose of litigating this action.

5. Pursuant to this Protective Order, the parties may disclose the protected information only to:

   a. The United States, its agencies, and employees;

   b. The attorneys of record for the parties and any support staff or other employees of the attorneys of record for parties who are assisting in the prosecution or defense of this action;

   c. Plaintiff, who may only read the protected information in the presence of their attorney, but may not maintain, retain, keep, copy, or photograph the protected information; and

   d. The Court and the Court's employees.

6. The protected information shall not be filed or referenced in un-redacted format on the docket in this case.

7. Plaintiff's counsel shall ensure that each person to whom he discloses the protected information, including Plaintiff, shall, prior to any such disclosure, read and understand this Protective Order, and acknowledge his or her agreement to be bound by this Protective Order.

8. Neither Plaintiff, nor their attorneys, nor any individual to whom they have made disclosure, shall himself or herself make any further disclosure of the protected information.

9. With the exception of the Court and the Court's employees, at the conclusion of this litigation, any person to whom the protected information has been disclosed pursuant to this Protective Order shall return any and all protected information to counsel for Defendants and shall certify in writing that the documents have been returned and any copies destroyed.

10. Nothing in this Protective Order shall require production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

11. This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

12. In the event Defendants inadvertently file protected information in un-redacted format on the docket in this case, Defendants shall promptly seek leave from the Court to re-file the relevant document, with the inadvertently disclosed protected information correctly redacted, and the inadvertently disclosed protected information subsequently will be subject to the terms of this Protective Order notwithstanding its previous inadvertent disclosure.

13. Nothing in this Order shall prevent the disclosure of protected information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

14. This Protective Order shall remain in force even after the termination of this case.

15. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met

and specifically addressing the applicability of *Lugosch v. Pyaramid Co. of Omondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority.  Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information that it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P. to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application of the Court.

SO STIPULATED AND AGREED TO BY:

Dated: March 14, 2023  
      Albrightsville, PA

JOSEPH A. BAHGAT

By: _____  
Joseph A. Bahgat  
The Privacy Firm  
197 Buckhill Road  
Albrightsville, PA 18210-3857  
Tel.:  (732) 733-2396  
joe@privacyfirm.law  
*Counsel for Plaintiffs*

Dated: March 9, 2023  
      New York, New York

DAMIAN WILLIAMS  
United States Attorney  
Southern District of New York

By: *Leslie A. Ramirez-Fisher*  
Leslie A. Ramirez-Fisher  
Assistant United States Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Tel.:  (212) 637-0378  
leslie.ramirez-fisher@usdoj.gov  
*Counsel for Defendant*

**SO ORDERED**.

Dated:  New York, New York  
      3/15/2023

_____  
HON. P. KEVIN CASTEL  
UNITED STATES DISTRICT JUDGE

4