**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
2741 BROTHERS DELI GROCERY INC., et al.,

          Plaintiffs,                        22-CV-9317 (OTW)

       -against-                      **MEMORANDUM OPINION & ORDER**

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND NUTRITION
SERVICE,

          Defendant.
-----------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.    **INTRODUCTION**

Plaintiffs 2741 Brothers Deli Grocery and Abdulkafi M. Al Muntaser (together, "**Plaintiffs**") bring this action pursuant to the Food and Nutrition Act, 7 U.S.C. §§ 2011–2036a, seeking judicial review of a decision by the United States Department of Agriculture and its subagency the Food and Nutrition Service (together, the "**Government**") permanently disqualifying 2741 Brothers Deli Grocery from the Supplemental Nutrition Assistance Program. (ECF 1 at ¶ 1). The Government now moves: (1) to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); or, in the alternative, (2) to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); or, in the alternative; (3) for summary judgment. (ECF 30).

For the following reasons, the Government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is **GRANTED**.

II.  BACKGROUND

A.  <u>Factual History</u>[1]

The Supplemental Nutrition Assistance Program ("**SNAP**") is a federal program administered by the United States Department of Agriculture (the "**USDA**") "to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."  7 U.S.C. § 2011.  Under SNAP, the USDA's Food and Nutrition Service (the "**FNS**") is authorized to

> [P]ermit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation.  That program includes as a purpose to assist low-income adults in obtaining employment and increasing their earnings.  Such employment and earnings, along with program benefits, will permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation.

7 U.S.C. § 2011; 7 C.F.R. § 271.3.

Plaintiffs are former participants in SNAP who were permanently disqualified from participation after the USDA found that store employees had engaged in SNAP trafficking.  (ECF 1).  Plaintiff Al Muntaser owns and operates Plaintiff 2741 Brothers Deli Grocery, a convenience store in the Bronx (the "**Store**").  (ECF 1 at ¶¶ 2–4).  In early 2022, the FNS initiated an investigation into the Store based on data patterns in purchases at the Store that were consistent with possible SNAP trafficking.  A.R. 375–412; (ECF 1-1).

---

[1] "[W]here jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings such as affidavits, documents, and testimony to determine whether jurisdiction exists."  *Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 415 (S.D.N.Y. 2012) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).  The facts here are thus derived from the entire record in this action as well as the administrative record below (identified with the prefix "A.R.")).

Based on the findings of this investigation, the FNS issued a trafficking charge letter to Plaintiffs on June 23, 2022 (the "**Charge Letter**"), informing Plaintiffs that the FNS had compiled evidence that the Store had violated SNAP regulations.  A.R. 375–412; (ECF 1-1).  The Charge Letter warned Plaintiffs that, if the FNS determined that the Store had committed the identified violations, Plaintiffs would be permanently disqualified from participating in SNAP, and that a civil money penalty might be issued under 7 C.F.R. § 278.6(i).  A.R. 375; (ECF 1-1).  The Charge Letter attached three reports detailing transactions that, according to the FNS, "establish clear and repetitive patterns of unusual, irregular and inexplicable activity."  A.R. 375; (ECF 1-1).

On July 5, 2022, Plaintiffs responded to the Charge Letter by email, attaching a letter dated June 30, 2023.  A.R. 415–23; (ECF 1-2 at 1–4).  In their June 30 letter, Plaintiffs: (1) denied that they had violated any SNAP regulations; (2) attached photographs of the Store; and (3) requested documents in connection with the investigation pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  A.R. 415–23 (ECF 1-2 at 1–4).

On August 16, 2022, the FNS issued a determination letter (the "**Determination Letter**"), in which it informed Plaintiffs that it had decided that (1) the violations alleged in the Charge Letter had in fact occurred and (2) it would impose a sanction of permanent disqualification from SNAP for SNAP trafficking.  A.R. 434–39; (ECF 1 at ¶ 15).  On August 27, 2022, Plaintiffs' counsel requested administrative review of the agency's determination and an extension of time to submit evidence and a brief in support of an administrative appeal.  A.R. 442–44; (ECF 31 at ¶ 26).  On September 12, 2022, the FNS issued a letter (the "**Acknowledgement Letter**") in which it acknowledged receipt of Plaintiffs' request and set a deadline of October 3, 2022, by which time Plaintiffs were required to submit information in support of its position.  A.R. 445–

46; (ECF 31 at ¶ 27).  Plaintiffs never responded to the Acknowledgement Letter or submitted any information or briefing in support of their administrative review request.  A.R. 447; (ECF 31 at ¶ 28).  On October 26, 2022, the FNS issued a Final Agency Decision (the "**Final Agency Decision**"), informing Plaintiffs' counsel that it had made a final decision to permanently disqualify 2741 Brothers Deli from participating in SNAP.  A.R. 447–49; (ECF Nos. 1 at ¶18, 1-3).

### B. Procedural History

Plaintiffs initiated this action on October 31, 2022, seeking judicial review of the Final Agency Decision.  (ECF 1).  On April 28, 2023, the parties consented to my jurisdiction for all purposes.  (ECF 15).  On December 22, 2023, the Government filed a copy of the underlying administrative record under seal.  (ECF Nos. 27, 28, 29, 34).  Simultaneously, the Government moved: (1) to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); or, in the alternative; (3) to grant the Government summary judgment.  (ECF Nos. 30, 31, 32, 33).  Plaintiffs filed their opposition on February 2, 2024.  (ECF Nos. 39, 40, 41).  The Government filed their reply on February 26, 2024.  (ECF 42).[2]

### III. DISCUSSION

A case must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it.  Fed. R. Civ. P. 12(b)(1).  A plaintiff

---

[2] A status conference was held on March 12, 2024, at which the Government, but not Plaintiffs, appeared. (ECF Nos. 47, 48).  On March 4, 2024, I issued an order directing Plaintiffs' counsel to show cause by March 29, 2024, why I should not dismiss the case for failure to prosecute under Fed. R. Civ. P. 41(b) or that Plaintiffs' opposition to the Government's motion for summary judgment be deemed withdrawn. (ECF 44).  Plaintiffs' counsel responded to the Court's order on March 29, 2024, stating, essentially that, he had been preoccupied with criminal trials and confused this action with another. (ECF 45).

asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that subject-matter jurisdiction is present. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).  Although the Court generally must accept the factual allegations in the complaint as true, the Court does not draw all reasonable inferences in the plaintiff's favor on a motion to dismiss under Rule 12(b)(1).  *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986)).  "Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings such as affidavits, documents, and testimony to determine whether jurisdiction exists."  *Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 415 (S.D.N.Y. 2012) (citing *Kamen*, 791 F.2d at 1011).

The Government argues that this Court lacks subject-matter jurisdiction for two reasons: (1) because the United States has not waived sovereign immunity for suits against the USDA, which is the only named defendant in this action (ECF 32 at 8); and (2) because Plaintiffs failed to exhaust their administrative remedies, as required by 7 U.S.C. § 2023(a) (ECF 32 at 9–14).  The Court agrees.  As discussed below, the Court finds that subject-matter jurisdiction is lacking both (1) because the United States has not waived sovereign immunity for suits against the USDA and (2) because Plaintiffs failed to exhaust their administrative remedies.

**A.   The United States Has Not Waived Sovereign Immunity Against the USDA**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  Additionally, "waivers of sovereign immunity must be strictly construed and limited in scope in favor of the sovereign."  *Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019).  The United States has waived its own sovereign immunity with respect to claims seeking judicial review of final agency determinations regarding SNAP benefits.  7 U.S.C. § 2023(a)(13) ("If the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States [in a competent district court] within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.").  The United States has not, however, waived sovereign immunity with respect to claims asserted against the USDA or the FNS.  *Brother's Mini Mkt. Inc. v. United States Dep't of Agric., Food & Nutrition Serv.*, 23-CV-10646 (JMF), 2024 WL 2802127, at *1 (S.D.N.Y. 2024); *Capellan v. United States*, 17-CV-9342 (AT), 2020 WL 1047907, at *3 (S.D.N.Y. 2020); *Muazeb v. United States*, 17-CV-6754 (DF), 2019 WL 1613433, at *7 (S.D.N.Y. 2019); *Arias v. United States*, 13-CV-8542, 2014 WL 5004409, at *14 (S.D.N.Y. 2014).

Thus, the United States would have been the only proper defendant in this action.  As Plaintiffs have failed to name United States as a party, the action lacks a proper defendant, and, accordingly, this Court lacks subject-matter jurisdiction over this lawsuit.

B. <u>**Plaintiffs Failed to Exhaust Their Administrative Remedies**</u>[3]

Even if Plaintiffs had named a proper defendant, Plaintiffs' complaint would still fail because Plaintiffs failed to exhaust their administrative remedies. Section 2023(a)(3) provides a process by which a store must obtain administrative review of an FNS decision prior to seeking judicial review. 7 U.S.C. § 2023(a)(3). First, upon receiving a notice of disqualification, a retail store has ten days to request an opportunity to submit information in support of its position with the FNS. *Id.*; 7 C.F.R. § 279.2(c). If the store makes such a request, it then has thirty days to submit information which "shall be reviewed by the person or persons designated by the Secretary, who shall . . . make a determination which shall be final." 7 U.S.C. § 2023(a)(5). *See* 7 U.S.C. § 2023(a)(4); 7 C.F.R. §§ 278.6(n), 279.2(c). The decision of the Secretary's designee is subject to judicial review, and a store may obtain such review by filing a complaint in a competent district court within thirty days of the delivery or service of the final notice of determination. 7 U.S.C. §§ 2023(a)(5), (13); 7 C.F.R. § 279.7.

---

[3] There is disagreement within this District as to whether the failure to exhaust administrative remedies under the SNAP statute constitutes a jurisdictional defect or a claim-processing defect. *Compare Brother's Mini Mkt*, 2024 WL 2802127, at *1, *with Ade v. United States*, 13-CV-2334 (WHP), 2014 WL 1333672, at *2 (S.D.N.Y. 2014) (collecting cases). The Court need not address this question here. Irrespective of whether the SNAP statute's language provides a jurisdictional bar to review, Plaintiffs' claims must be dismissed for lack of subject-matter jurisdiction anyway because the United States has not waived sovereign immunity with respect to the USDA or the FNS. *See infra* § III.A. Even if the SNAP statute's language does represent a "claims-processing rule," under the Court's framework in *Santos-Zacaria v. Garland*, Plaintiffs' claims would fail on the merits even if Plaintiffs were given leave to amend. 598 U.S. 411 (2023). Although lack of subject-matter jurisdiction generally precludes a court from addressing merits issues, it is proper to do so "in connection with deciding whether Plaintiffs should be granted leave to amend." *Brother's Mini Mkt. Inc.*, 2024 WL 28912127 at n.2. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . ."); *Steele v. SSA*, 14-CV-7104 (ENV) (MDG) 2016 WL 4688850 (E.D.N.Y. 2016) ("The Court . . . need not afford [the] opportunity [to amend] where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.").

Conversely, "[i]f such a request is not made or if such store . . . fails to submit information in support of its position after filing a request, the administrative determination shall be final."  7 U.S.C. § 2023(a)(4).  "The determination of FNS shall be final and not subject to further administrative or judicial review unless a written request for review is filed within [thirty days]."  7 C.F.R. § 278.6(n), § 279.2(c).  In other words, where Section 2023(a)(4) applies, the plaintiff fails to exhaust their administrative remedies.  *See Ade v. United States*, 13 CV-2334 (WHP), 2014 WL 1333672, at *2 (S.D.N.Y. 2014) (collecting cases).  *See also Khan v. United v. States*, 16-CV-209, 2016 WL 3220523, at *2 (W.D. Pa. 2016) ("In 7 U.S.C. § 2023, Congress enunciated the jurisdictional requirements for a federal court to review the administrative decisions relating to the Food Stamp Program.").  *Cf. Lugo v. United States*, 08-CV-2960 (RJS), 2009 WL 928136, at *3 (S.D.N.Y. 2009) ("A firm disqualified from participation in the [Supplemental Nutrition Assistance] Program may obtain judicial review after exhaustion of administrative remedies.").

Plaintiffs failed to timely exhaust their administrative remedies in connection with the FNS's Determination Letter.  Plaintiffs did not follow the appeal process under the SNAP statute.  Although Plaintiffs did timely submit their request for administrative review within the ten-day period, they failed to submit information in support of their request by the October 3, 2022 deadline, as required under 7 U.S.C. § 2023(a)(5).  Indeed, Plaintiffs did not even respond to the FNS's Acknowledgement Letter.  Consequently, the FNS's August 16 Determination Letter constitutes a final determination not subject to further administrative or judicial review under 7 U.S.C. § 2023(a)(4).  *Id.*; 7 C.F.R. § 278.6(n); § 279.2(c).  Thus, Plaintiffs failed to exhaust

their administrative remedies, and their case would be dismissed even if the Court had the jurisdiction to hear it.

### C. <u>Amendment Would Be Futile</u>

Under Fed. R. Civ. P. 15(a), leave to amend a complaint should be freely given when justice requires, but should be denied when amendment would be futile. *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, amendment would be futile. As discussed above (*supra* § III.B), even if Plaintiffs were to amend their Complaint to substitute the United States as Defendant, Plaintiffs' Complaint would fail because they did not exhaust their administrative remedies. Thus, there is no set of facts that Plaintiffs can plead that would entitle them to relief.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' action is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and leave to amend is denied. The Clerk of Court is respectfully directed to enter judgment for the Government, to close ECF 30, and to close this case.

**SO ORDERED.**

Dated: September 13, 2024  
New York, New York

/s/ Ona T. Wang  
**Ona T. Wang**  
United States Magistrate Judge

9